UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARRETT FOSTER, an individual, and FOSTER FIVE CONSTRUCTION, LLC, an Idaho limited liability company,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>MYRON MULDER, an individual, CARA MULDER, an individual, HARRIS DUININCK, an individual, and PSB CREDIT SERVICES, INC, a Minnesota corporation,<br><br>Defendants/Counter-Plaintiffs. | Case No. 4:24-cv-00269-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs/Counter-Defendants Garrett Foster and Foster Five Construction, LLC's ("Foster Five") (collectively, "Plaintiffs") Motion to Amend Complaint and Demand for Jury Trial and Joinder of Party. Dkt. 15 (the "Motion"). Defendants/Counter-Plaintiffs Myron "Mike" Mulder ("Mike"), Cara Mulder ("Cara"), Harris Duininck, and PSB Credit Services, Inc.'s ("PSB") (collectively, "Defendants")[1] oppose allowing amendment. Dkt. 17. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the

---

[1] Defendants Myron "Mike" Mulder and Cara Mulder are addressed in this decision by their first names to more easily distinguish them. The Court means no disrespect.

interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B).

For the reasons set forth below, the Court GRANTS the Motion and remands the case to Idaho state court. As a result, all other motions currently pending before the Court (Dkt. 37, Dkt. 40, Dkt. 53, Dkt. 55) are DISMISSED as MOOT.

## II. BACKGROUND[2]

### A. Factual

Beginning in 2019, Foster, through Foster Five, entered into various agreements with Defendants whereby Foster would oversee operations of several Idaho and Wyoming construction companies in exchange for ownership in the parent company, AVCO Holdings, LLC ("AVCO"), a Wyoming limited-liability company. Foster Five, an Idaho limited-liability company, held 40% of AVCO's interests; Mike and Cara (through PSB, a Wyoming limited-liability company) held 40% interest; and Duininck held 20% interest. PSB was AVCO's creditor. To obtain financing to purchase its 40% interest in AVCO, Foster Five pledged its AVCO units to Avail Valley RE-WY, LLC ("Avail Valley"), a Wyoming limited-liability company, in exchange for a $1.6 million loan. AVCO is Avail Valley's sole member.

Plaintiffs understood Defendants would be the financial arm of AVCO. Plaintiffs allege that over time, Defendants placed financial pressure on Plaintiffs by forcing Foster

[2] The factual background is constructed from the allegations in the Complaint and Counterclaims, briefing on the Motion, and supplemental filings.

Five to make large financial contributions to AVCO, withholding lines of credit from AVCO, charging AVCO artificially high interest rates, reducing Foster's salary, and other schemes to enrich themselves and put financial pressure on Plaintiffs. In late 2023, Defendants agreed to sell their combined interests in AVCO to Plaintiffs for $15 million, but the purchase was never finalized.

In 2024, Defendants took steps to remove Plaintiffs from AVCO. In January 2024, Defendants removed Foster as operating manager and terminated his employment with AVCO. In February 2024, Defendants, through Avail Valley, notified Plaintiffs they had acquired Plaintiffs' $1.6 million loan and were accelerating it to be immediately due and payable. Around this same time, PSB also notified Plaintiffs that it was accelerating a $132,457.02 loan to Foster Five. In March 2024, PSB, through Avail Valley, notified Plaintiffs it was acquiring Foster Five's 40% interest in AVCO for less than $1 million, calculated pursuant to the AVCO operating agreement using the net book value set forth in AVCO's balance sheet at the end of its most recent fiscal year. To date, it appears Plaintiffs have not paid back the loans, and Foster Five has not transferred its AVCO units to PSB.

**B. Procedural**

On May 2, 2024, Plaintiffs filed the original Complaint against Defendants in Idaho state court. Dkt. 1-2. Plaintiffs brought five state-law claims against Defendants, including breach of fiduciary duty, oppression/squeeze out, breach of contract, unjust enrichment, and quantum meruit. Plaintiffs also requested an award for attorneys' fees and costs. *Id.*

On June 6, 2024, Defendants removed the Idaho action to this Court based on diversity jurisdiction. *See generally* Dkt. 1.

On June 24, 2024, Defendants answered the Complaint and filed counterclaims against Plaintiffs. Dkt. 7. Defendants counterclaimed that Foster Five breached a loan agreement with PSB when it failed to pay the accelerated balance of the loan after missing a $65,000 payment to PSB, which constituted an event of default under the loan's terms. Defendants also counterclaimed Plaintiffs breached the AVCO operating agreement, including the covenant of good faith and fair dealing, by failing to transfer Foster Five's AVCO units to PSB, who had elected to exercise its right to acquire Foster Five's units pursuant to the operating agreement.

On August 5, 2024, Avail Valley filed a separate lawsuit against Plaintiffs in Wyoming State Court. Dkt. 19-1, at 10.[3] There, Avail Valley brought five breach of contract claims against Plaintiffs for failure to make payments that were due on the $1.6 million loan Foster Five utilized to purchase its membership interests in AVCO. Plaintiffs removed that case to the United States District Court for the District of Wyoming on September 6, 2024, and requested that case be transferred to this Court. *See generally* Dkts. 19-1, 19-2. Avail Valley moved to remand its case back to Wyoming state court. The Wyoming federal district court granted Avail Valley's motion to remand, and denied Plaintiffs' motion to transfer, finding that Avail Valley was a resident of both Wyoming

[3] The Court took judicial notice of the filings in the Wyoming state court case *Avail Valley Re-WY, LLC v. Foster, et al.*, Case No. 2024-CV-0000100, and the Wyoming federal district court case *Avail Valley Re-WY, LLC v. Foster*, Case No. 2:24-cv-00173-ABJ. Dkt. 36; *see generally* Fed. R. Evid. 201.

and Idaho, thus complete diversity did not exist among the parties and the Wyoming federal district court did not have subject matter jurisdiction over the action. Dkt. 25-2, at 6–7.

On September 12, 2024, in this action, the Court entered the Scheduling Order setting January 31, 2025, as the deadline to amend the pleadings or join parties, and October 10, 2025, as the deadline to file dispositive motions. Dkt. 14, at 2.[4]

On September 20, 2024, Plaintiffs filed the present Motion. Dkt. 15. Through their Motion, Plaintiffs request leave to amend their Complaint and add Avail Valley as a defendant. *Id.* In their proposed Amended Complaint, Plaintiffs added six paragraphs of allegations that Defendants utilized Avail Valley to perpetuate the scheme to pressure Foster Five out of its 40% ownership of AVCO. *See* Dkt. 15-1, at 11. Defendants oppose the Motion. Dkt 17.

On December 23, 2024, Plaintiffs informed the Court it had filed a motion to dismiss or stay the Wyoming state court proceedings in favor of the first-filed action before this Court. Dkt. 27-2.

Before the Court could rule on the Motion and in accordance with the Scheduling Order and amendments thereto, on November 10, 2025, Plaintiffs file a motion for partial summary judgment (Dkt. 37), and Defendants filed a motion for summary judgment (Dkt. 40). Plaintiffs also filed a motion to supplement their response to Defendants' motion for summary judgment (Dkt. 53), and a motion to strike declarations and alternative motion to

[4] On December 3, 2024, the case was reassigned to the undersigned, who adopted the Scheduling Order previously entered. *See* Dkt. 24.

allow Plaintiffs additional discovery on newly discovered information (Dkt. 55). All these motions are fully briefed and ripe for judicial review.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Since Defendants object to the Motion, Plaintiffs must obtain leave of the Court to amend. The Ninth Circuit recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," and, therefore, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

The decision whether to grant or deny a motion to amend pursuant to Rule 15(a) rests within the sole discretion of the trial court. The four factors that are commonly used to assess the propriety of a motion for leave to amend are: (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n.5 (9th Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Ninth Circuit has held that although each of the aforementioned factors are relevant when ruling on a motion for leave to amend, the "crucial factor is the resulting

prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (explaining prejudice is the touchstone of the inquiry under Rule 15(a)). Ultimately, "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey*, 481 F.2d at 1190. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## IV. DISCUSSION

### A. Motion to Amend

The Court finds the factors for motions to amend under Federal Rule of Civil Procedure 15(a) weigh in favor of granting the Motion in this case. First, Plaintiffs filed the Motion only eight days after the Court issued the Scheduling Order, well before the deadline to amend the pleadings or join parties to the action. *See* Dkt. 14, at 2. Although three months had passed since Defendants filed their Answer and Counterclaims (Dkt. 7), the case had not progressed significantly beyond the pleading stage at the time the Motion was filed.

Second, this was Plaintiffs' first request for leave to amend.

Third, and most importantly, granting amendment would not be unduly prejudicial to Defendants. Defendants bear the burden of showing prejudice. *DCD Programs*, 833 F.2d at 187. In their response to the Motion, Defendants argue allowing amendment (and therefore joining Avail Valley) would be prejudicial to Defendants because the Motion is pretext to destroy this Court's subject-matter jurisdiction. Dkt. 17, at 4. Defendants further

argue Avail Valley is not a required party to this action because adding it would "deprive the court of subject matter jurisdiction," and Avail Valley's claims against Plaintiffs in the Wyoming action do not overlap with Plaintiffs' claims here. *Id.* at 7–8 (citing Fed. R. Civ. P. 19(a)(1)). The Court is not persuaded.

Defendants correctly point out that Avail Valley is not diverse from Plaintiffs due to the rule that an LLC takes on the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Because Foster indirectly owns interest in Avail Valley, his Idaho citizenship flows to Avail Valley, and thus no diversity exists between them. As diversity of the parties is the sole basis for federal jurisdiction in this case, should the Court grant the Motion, the case must be remanded to Idaho state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court has sole discretion to allow joinder that would destroy subject matter jurisdiction after removal. *See id.* § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Although the result of granting the Motion is remand to State court, the Court finds destroying subject matter jurisdiction is not Plaintiffs' motivation in bringing their Motion. Plaintiffs allege that by taking steps through Avail Valley to lend money to Plaintiffs and subsequently oust Plaintiffs from AVCO, Defendants breached their fiduciary duties to Plaintiffs, breached various contracts with Plaintiffs, unjustly enriched themselves, and

failed to pay Plaintiffs just compensation for the monies and services Plaintiffs rendered to AVCO. Even if Avail Valley is not a required party under Federal Rule of Civil Procedure 19(a), Avail Valley is an integral part of Plaintiffs claims against Defendants, and barring the amendment would prevent Plaintiffs from asserting valid claims against an entity "directly involved" in the alleged scheme. *See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000) (finding amendment appropriate when the proposed party was involved in the causes of action indicating more than just a "tangential relationship"). What's more, Avail Valley's claims against Plaintiffs in Wyoming state court clearly arise out of the same facts that form the basis for Plaintiffs' claims here. An adverse ruling against Plaintiffs in the Wyoming action would directly conflict with a ruling in Plaintiffs' favor here.[5] Even if Plaintiffs desire this action be remanded to Idaho state court, the Court finds considerations other than pretext clearly provide motivation and justification for the Motion. Thus, Defendants have failed to show granting the Motion would unduly prejudice them.

Fourth, the Court finds the proposed amendments are not futile. As explained above, Avail Valley was an integral part of the alleged scheme to burden Plaintiffs and oust them from AVCO. As such, Plaintiffs have stated plausible claims for relief against Avail

[5] In Plaintiffs' memorandum in support of their motion to dismiss or stay the Wyoming proceedings, Plaintiffs stated they did not add Avail Valley to the original Complaint here because Foster Five's membership interests in AVCO is not yet liquidated, and thus Avail Valley's claims against Plaintiffs are unripe and non-justiciable. Dkt. 27-2, at 4. Defendants argue this cuts against Plaintiffs' argument that Avail Valley is a required party to this action. Dkt. 29. But whether Avail Valley's claims against Plaintiffs are ripe has no bearing on whether Plaintiffs can bring valid claims for relief against Avail Valley.

Valley. Considering all these factors, the Court finds good cause to grant the Motion under Federal Rules of Civil Procedure 15 and 19.

Even if the Court analyzed the Motion under Section 1447(e),[6] the same conclusion is reached. "Amendment under § 1447(e) is a less restrictive standard than for joinder under [Federal Rule of Civil Procedure] 19." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012. As explained above, Avail Valley would likely be joined under Federal Rule of Civil Procedure 19(a), there has not been undue delay in seeking amendment, the claims against Avail Valley appear valid, and Defendants would not be unduly prejudiced should the Court grant the Motion.[7]

Considering whether joinder is sought solely to defeat federal jurisdiction, the Court is not persuaded. Defendants are alleged to control Avail Valley through their collective membership interests in AVCO. Avail Valley is alleged to be the entity through which Defendants took actions that form the basis for Plaintiffs' claims against them. It is clear to the Court that Avail Valley is more than "tangentially related to the cause of action" here. *See id*. Disallowing amendment risks inconsistent rulings because whether Plaintiffs are in breach of the various agreements with Avail Valley depends upon whether

---

[6] The factors for consideration a motion under § 1447(e) include:

> (1) whether the party sought to be joined as needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (citation modified).

[7] The statute of limitations factor is not an issue in this case.

Defendants breached their fiduciary duties and breached various contracts with Plaintiffs when Defendants allegedly forced Plaintiffs out of AVCO. Therefore, under Section 1447(e), the Court holds joinder should be permitted.[8]

**B. Remand**

For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). 28 U.S.C. Section 1447(e) states "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court." *See also Morris v. Princess Cruises*, 236 F.3d 1061, 1068 (9th Cir. 2001). Once non-diverse defendants are joined under § 1447(e), "remand becomes mandatory." *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004). Because the Court grants the Motion to amend and allows Avail Valley to be joined as a defendant, this case must be remanded to Idaho state court.

## V. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Amend allowing Avail Valley to be joined as a defendant in this case. Because Plaintiffs and Avail Valley are nondiverse parties, the Court must remand the case to Idaho state court.

---

[8] To the extent Defendants are making a fraudulent joinder argument, that argument fails. Taking the facts alleged as true and drawing all inferences in Plaintiffs' favor, it is clear Plaintiffs state plausible claims for relief under Idaho law against Avail Valley. Thus, there is no fraudulent joinder. *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993 (D. Nev. Feb. 23, 2005) ("[A] plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge.).

## VI. ORDER

**IT IS HEREBY ORDERED,**

1. Plaintiffs' Motion to Amend Complaint and Demand for Jury Trial and Joinder of Party (Dkt. 15) is GRANTED.
2. This case is REMANDED to Idaho State Court.
3. All other currently pending motions (Dkt. 37, Dkt. 40, Dkt. 53, Dkt. 55) are DISMISSED as MOOT.
4. This case is CLOSED.

DATED: November 20, 2026

David C. Nye
U.S. District Court Judge